UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL - 8 2002

ERIC D. JACOBSEN
29188 Greenbrier Place
Highland, California  92825,

PAUL D. JACOBSEN
606 Arosa Street
Crestline, CA 92325,

DIANE JACOBSEN MARTINEZ
7065 Dove Valley Way
Corona, CA 92880,

DORIS FISHER
19041 Mauna Loa
Glendora, CA  91740

CARLA FORBES
920 Lotus Circle
San Dimas, CA  91773

                   Plaintiffs,

    v.

ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Komeini Avenue
United Nations Street
Tehran, Iran,

IRANIAN MINISTRY OF INFORMATION
AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran,

                   Defendants.

CASE NUMBER   1:02CV01365

JUDGE: James Robertson

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 07/●●/2002

Civil Action No. _____

**COMPLAINT**
**FOR COMPENSATORY AND PUNITIVE DAMAGES**

101214_1.DOC



## NATURE OF ACTION

1.  Plaintiffs, by counsel, respectfully bring this action against the Defendant Islamic Republic of Iran ("Iran"), its agencies and its instrumentalities, including the Iranian Ministry Of Information And Security ("MOIS"), seeking damages for the loss of society and extreme emotional injuries suffered by Plaintiffs arising out of the May 28, 1985 kidnapping of David Jacobsen and his subsequent captivity, torture and mistreatment in Lebanon over the ensuing seventeen months. Plaintiffs request the entry of judgment against Defendants Iran and MOIS, jointly and severally, for compensatory damages and against Defendant MOIS for punitive damages. In support of their Complaint, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331 and 1332(a)(2). This action arises under the laws of the United States of America. In addition, there exists complete diversity of citizenship between the Plaintiffs and the Defendants and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

3.  Defendants Iran and MOIS are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7).

4.  Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4).

5.  Actions for personal injury, torture, hostage taking and related torts perpetrated by foreign state sponsors of terrorism, through their officials, employees,

agents and instrumentalities, fall within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605(e).

6. David Jacobsen is a United States citizen. He is the father of Plaintiffs Eric Jacobsen, Paul Jacobsen and Diane Jacobsen Martinez and the brother of Plaintiffs Doris Fisher and Carla Forbes.

### THE PARTIES

7. Plaintiff Eric Jacobsen is a citizen of the United States and a domiciliary of the State of California. He is the son of former hostage David Jacobsen.

8. Plaintiff Paul Jacobsen is a citizen of the United States and a domiciliary of the State of California. He is the son of former hostage David Jacobsen.

9. Plaintiff Diane Jacobsen Martinez is a citizen of the United States and a domiciliary of the State of California. She is the daughter of former hostage David Jacobsen.

10. Plaintiff Doris Fisher is a citizen of the United States and a domiciliary of the State of California. She is the sister of former hostage David Jacobsen.

11. Plaintiff Carla Fisher is a citizen of the United States and a domiciliary of the State of California. She is the sister of former hostage David Jacobsen.

12. Defendant Iran is a foreign state that has been designated as a state sponsor of terrorism under § 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) and § 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since January 19, 1994. At all times relevant to this action, Iran provided material support and resources to the Hizballah, a politico-paramilitary terrorist organization operating in Lebanon. Iran sponsored terrorist activities undertaken by Hizballah

within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, by providing it with funding, direction and training for its terrorist activities.

13.     Defendant MOIS, has at all times relevant to this action, operated Iran's intelligence service and functioned both within and beyond the borders of Iran, including within Lebanon. Defendant MOIS is an agency or instrumentality of Iran, within the meaning of 28 U.S.C. §§ 1603(b), 1605(a)(7) and 1606. Iran funnels through Defendant MOIS most of the funding it makes available to support terrorism, including the commission of the wrongs at issue in this action. The MOIS, acting as an agent and instrumentality of Iran and within the scope of its agency, performed acts and caused the performance of acts, including hostage taking, torture, personal injury, and infliction of emotional distress as described below, within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note. At all times relevant to this action, the MOIS acted as a conduit for Iran's provision of funds, training, and direction to the Hizballah for its terrorist activities, including the abduction, captivity and torture of David Jacobsen.

14.     At all times relevant to this action, the Hizballah was an organization supported by Iran using MOIS' assets and resources, for the purpose of promoting Islamic fundamentalism and also to discourage American influence in Middle Eastern countries, including Lebanon. Through acts of terrorism, including but not limited to the seizure and captivity of American citizens in Lebanon, the Hizballah acted as an agent of Iran and performed acts within the scope of its agency within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note. In Wagner v. Islamic Republic of Iran, 172 F. Supp. 2d 128, 132 (D.D.C. 2001), the Hizballah was found to be an agency or instrumentality of the Iranian MOIS and employed by the MOIS to use terrorist means

to expel any American presence from Lebanon and to enhance Islamic fundamentalism.

## STATEMENT OF FACTS

15. On May 28, 1985, David Jacobsen was abducted by Hizballah gunmen from the campus of the American University of Beirut ("AUB"). At the time of his abduction, he was living in Beirut and working as the chief hospital administrator at AUB's hospital in Beirut.

16. Hizballah members, who were acting as agents of Iran and the MOIS, held David Jacobsen captive. He was held along with fellow hostages Terry Anderson, the Reverend Martin Jenco, Thomas Sutherland, William Buckley and others.

17. During his seventeen (17) month captivity in Beirut, David Jacobsen was fed an inadequate diet, kept in unsanitary conditions, beaten by his captors, and was often shackled to the floor. He was forced to make videotaped statements by his captors for replay around the world which showed his poor condition. Jacobsen suffered physical discomfort, health problems, severe emotional distress, depression, humiliation, anxiety, pain and suffering.

18. David Jacobsen was previously awarded compensatory damages against Iran as the result of the Defendants' activities in taking him hostage and holding him captive for seventeen months. See Cicippio v. The Islamic Republic of Iran, 18 F. Supp. 2d 62 (D.D.C. 1998) ("the Cicippio Case").

19. Iran has been found to be a foreign state supporting international terrorism under 28 U.S.C. §1605(a)(7) and liable to victims of state sponsored terrorism for the acts and actions of the Hizballah in cases previously concluded in

-5-

this District Court, including in <u>Anderson v. The Islamic Republic of Iran</u>, 90 F. Supp. 2d 107 (D.D.C. 2000) (the "<u>Anderson</u> Case"); in <u>Jenco v. The Islamic Republic of Iran</u>, 154 F. Supp. 2d 27, (D.D.C. 2001) (the "<u>Jenco</u> Case"); in <u>Sutherland v. The Islamic Republic of Iran</u> (the "<u>Sutherland</u> Case"), 151 F. Supp. 2d (D.D.C. 2001); and in the <u>Cicippio</u> Case.

20.     The MOIS has been found by this District Court to be liable as an agency and instrumentality of Iran supporting international terrorism under 28 U.S.C. § 1605(a)(7) and liable for the acts and actions of the Hizballah in, <u>inter alia</u>, the <u>Anderson</u> Case, the <u>Jenco</u> Case, the <u>Sutherland</u> Case, and in <u>Flatow v. The Islamic Republic of Iran</u>, 999 F. Supp. 1 (D.D.C. 1998).

21.     During the period of David Jacobsen's captivity by the Hizballah under the direction of the MOIS and Iran, Plaintiffs Eric Jacobsen, Paul Jacobsen, Diane Jacobsen Martinez, Doris Fisher and Carla Forbes suffered severe mental anguish, severe emotional distress, fear, anxiety and depression due to David Jacobsen's abduction and captivity, their resulting concern for his well-being and their legitimate and well-founded fears for his physical safety and emotional well-being.  They were aware that other hostages in Iran were tortured and murdered by their captors or otherwise died while in captivity.

22.     During the period of David Jacobsen's captivity by the Hizballah under the direction of the Defendants MOIS and Iran, Plaintiffs Eric Jacobsen, Paul Jacobsen and Diane Jacobsen Martinez suffered financial losses due to reduced employment income and loss of financial support.

23. During the period of David Jacobsen's captivity by the Hizballah under the direction of the Defendants MOIS and Iran, Plaintiffs Eric Jacobsen, Paul Jacobsen and Diane Jacobsen Martinez spent numerous hours attempting to secure the release of their father through media appearances and meetings with government officials, including the President of the United States.

24. At all times relevant to this action, Defendant Iran, through its agents and instrumentalities including the MOIS, provided material resources and support to the Hizballah in the form of funding, training, indoctrination and direction. The MOIS was acting within the scope of its agency when it provided such material, resources and support.

25. The willful, wrongful, intentional and reckless acts of the Hizballah and the Defendant MOIS, which were funded and directed by Defendant Iran, are acts for which officials of the United States Government would be liable.

26. The acts of abducting David Jacobsen by force and violence, assaulting him with a firearm, holding him hostage under barbaric conditions for 528 days, and the gross mistreatment of David Jacobsen while in captivity constitute extreme and outrageous conduct by members of Hizballah, whose actions were funded, directed, controlled by, aided, abetted and otherwise supported by Defendants Iran and MOIS.

27. As a result of their extreme and outrageous conduct and the resulting injuries and damages to each of the Plaintiffs arising from Defendant Iran's sponsorship of terrorism and Defendant MOIS's participation in the commission of said extreme and outrageous conduct, said Defendants are liable, pursuant to 28 U.S.C.

§ 1606, to the Plaintiffs in the same manner and to the same extent as a private individual under like circumstances.

### COUNT I

ERIC JACOBSEN, PAUL JACOBSEN, DIANE JACOBSEN MARTINEZ, DORIS FISHER AND CARLA FORBES

#### (Solatium)

28.  Paragraphs 1 through 27 are incorporated herein as if fully set forth.

29.  The acts of abducting and holding David Jacobsen for seventeen months, under conditions characterized by gross mistreatment had the direct and proximate effect of depriving each of the Plaintiffs of the companionship, familial relationship and support of their loved one.

30.  As a further direct and proximate result of the willful, wanton, intentional and reckless acts of the Hizballah members, whose acts were funded, controlled and directed by Defendant Iran through Defendant MOIS, Plaintiffs Eric Jacobsen, Paul Jacobsen, Diane Jacobsen Martinez, Doris Fisher and Carla Forbes, suffered extreme emotional pain and suffering through the loss of society and companionship of their father and brother while he was in captivity.

### COUNT II

ERIC JACOBSEN, PAUL JACOBSEN, DIANE JACOBSEN MARTINEZ, DORIS FISHER AND CARLA FORBES

#### (Intentional Infliction of Emotional Distress)

31.  Paragraphs 1 through 30 are incorporated herein as if fully set forth.

32.  As a direct and proximate result of the willful, wanton, intentional and reckless acts of the Hizballah members, which were directed, controlled and funded by the Defendants MOIS and Iran against David Jacobsen, the Plaintiffs Eric Jacobsen,

Paul Jacobsen, Diane Jacobsen Martinez, Doris Fisher and Carla Forbes suffered extreme and severe emotional distress.

## COUNT III

### ERIC JACOBSEN, PAUL JACOBSEN AND DIANE JACOBSEN MARTINEZ

### (Economic Damages)

33. Paragraphs 1 through 32 are incorporated herein as if fully set forth.

34. As the direct and proximate result of the willful, wanton, intentional and reckless acts of the Hizballah members, which were directed and funded by Defendant Iran, through its agent Defendant MOIS, Plaintiffs Eric Jacobsen, Paul Jacobsen and Diane Jacobsen Martinez suffered economic damages as a result of David Jacobsen's captivity.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgments in their favor against Defendants Islamic Republic of Iran and the Iranian Ministry of Information and Security as follows:

A. Compensatory damages in favor of Plaintiffs Eric Jacobsen, Paul Jacobsen, Diane Jacobsen Martinez, Doris Fisher and Carla Forbes and against Defendants Iran and MOIS, jointly and severally, in the amount of $2,000,000 each for their extreme emotional pain, suffering and distress and loss of society;

B. Compensatory damages in favor of Plaintiffs Eric Jacobsen, Paul Jacobsen and Diane Jacobsen Martinez and against Defendants Iran and MOIS, jointly and severally, in the amounts of their respective economic

losses resulting from the captivity of their father and their efforts to secure his release;

C. Punitive damages in favor of all Plaintiffs against the Iranian Ministry of Information and Security, in an appropriate amount to be determined at trial;

D. Reasonable costs and expenses;

E. Reasonable attorney's fees; and

F. Such other and further relief which the Court may determine to be just and proper under the circumstances.

_____
Paul L. Knight
D.C. Bar #911594
O'Connor & Hannan, LLP
1666 K Street, NW, Suite 500
Washington, DC  20036
Telephone:  (202) 887-1400
Facsimile:  (202) 466-3215

_____
Emil Hirsch
D.C. Bar #903479
O'Connor & Hannan, LLP
1666 K Street, NW, Suite 500
Washington, DC  20036
Telephone:  (202) 887-1400
Facsimile:  (202) 466-3215

Attorneys for Plaintiffs